UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB EUGENE GHAHHARI,

                                    Plaintiff,

            -against-                                            19-CV-4875 (LLS)

JETBLUE AIRWAYS CORPORATION;                                     ORDER TO AMEND
CAROL WITTENBERG, *Arbitrator for
JAMS Local Solutions Global Reach*,

                                    Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff brings this *pro se* action, for which the filing fee has been paid, seeking to vacate

an arbitration award against him. For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Jacob Ghahhari is an airline pilot who was employed by the JetBlue Airways Corporation ("JetBlue") from March 2006 until February 13, 2017, when JetBlue terminated his employment. The Airline Pilots Association International ("ALPA") filed a grievance with JetBlue for wrongful termination. Arbitrator Carol Wittenberg, named as a Defendant here, denied the grievance and therefore upheld Plaintiff's termination.

Plaintiff now brings this action, invoking § 7511 of the New York Civil Practice Law and Rules ("CPLR"), and alleging that Wittenberg violated the procedures set forth in Article 75 of the CPLR. Specifically, Plaintiff alleges that Wittenberg disallowed credible witness testimony, and therefore failed to consider all the evidence. Plaintiff further alleges that, as one of only five arbitrators regularly used by JetBlue, Wittenberg receives a "steady stream of ongoing business" from the company and is therefore biased in its favor. (ECF No. 1, at 10.) Plaintiff seeks vacatur of the arbitration award, reinstatement of his employment with back-pay, and "reimbursement of all legal expenses, full compensation, and other damages." (ECF No. 1, at 6.)

## DISCUSSION

Plaintiff fails to allege facts demonstrating that the Court has subject matter jurisdiction over his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The mechanism for vacating an arbitration award is generally provided by state law. In New York, those procedures are in Article 75 of the CPLR. The federal analogue to Article 75 is the Federal Arbitration Act ("FAA"). The FAA does not itself confer federal jurisdiction, "but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (alterations and internal quotation marks omitted). In other words, before a federal court may confirm, vacate, or modify an arbitration award under the FAA, the plaintiff must show that the court has either diversity jurisdiction or federal question jurisdiction. *See id.* at 65-66. Courts in the Second Circuit "look-through" to the underlying arbitration claims to determine if a petition to confirm, vacate, or modify an arbitration award

presents a federal question, *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016), or satisfies diversity jurisdiction.

The substance of Plaintiff's underlying allegations does not demonstrate a federal claim. Plaintiff does not allege that Defendants violated any federal law when JetBlue terminated his employment, and the substance of his complaint does not otherwise suggest a cause of action falling under the Court's federal question jurisdiction. Because Plaintiff does not allege that Defendants violated his rights under federal law, the Court lacks federal question jurisdiction over his claims.

Plaintiff also does not allege sufficient facts to demonstrate that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff is a Florida citizen, JetBlue is a Delaware corporation with its principal place of business in New York, and Plaintiff provides a New York address for Wittenberg. Plaintiff therefore appears to satisfy § 1332(a)(1)'s diversity of citizenship requirement. But he fails to allege facts suggesting that his claim is in excess of $75,000.00. Because Plaintiff does not allege that his claim satisfies this jurisdictional amount, this Court lacks diversity jurisdiction over his claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has subject matter jurisdiction over his claims, the Court grants Plaintiff 60 days' leave to amend his complaint. In any amended complaint, Plaintiff should allege facts demonstrating that he and the Defendants are citizens of different states and his claim is in excess of $75,000.00, or that Defendants violated his rights under federal law.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1] The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4875 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 2.)

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   September 27, 2019
           New York, New York

_____
Louis L. Stanton
U.S.D.J.

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____

             Street Address _____

             County, City _____

             State & Zip Code _____

             Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____


Defendant No. 2  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____


Defendant No. 3  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____


Defendant No. 4  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____


## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

   ☐ Federal Questions     ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
  _____
  _____


C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

  Plaintiff(s) state(s) of citizenship _____

  Defendant(s) state(s) of citizenship _____
  _____

## III.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts:  _____
_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____